(110 App. Div. 374.)

MULRY v. MULRY et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

WILLS—CONSTRUCTION—ESTATE ACQUIRED BY BENEFICIARY.

　　Testator made specific devises and bequests to two of his children. In a residuary clause he gave the residue of his estate to his wife, on condition that she remain single, with a request that she make provision for the children as she might think proper, and with a gift over on her remarriage to all his children equally. By a codicil he gave to his wife all his property situated in designated counties which he had acquired since the execution of the will, together with all other property "not before devised or bequeathed," to her and heirs, forever. *Held*, that the residuary clause in the will was superseded by the codicil, and all the residuary estate vested in the wife absolutely.

　　[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 1275.]

　　Patterson, J., dissenting.

Appeal from Special Term.

Action by Eliza Mulry, individually and as executrix of the will of James Mulry, deceased, against Thomas F. Mulry, individually and as executor of the will of James Mulry, deceased, and others, for the construction of the will of James Mulry, deceased. From a judgment construing the will, plaintiff appeals. Modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-SON, LAUGHLIN, and HOUGHTON, JJ.

Alfred G. Reeves, for appellant.

Rastus S. Ransom, guardian ad litem, for respondents Manahan and others.

LAUGHLIN, J. The will was executed on the 13th day of April, 1889. The first codicil thereto was executed on the same day, and the second codicil was executed on the 15th of May, 1896. By the first clause of the will the testator directed the payment of his debts and funeral expenses. In the second he devised and bequeathed all his real and personal estate at Castle Strange, county of Roscommon, Ireland, to his wife, in trust to use the surplus income thereof for the education and maintenance of his son Thomas until the latter attained the age of 21 years, at which time he gave the remainder to Thomas absolutely, but provided that, should Thomas die before arriving at the age of 21 years, then the remainder should vest in the wife of the testator. In the third clause he devised and bequeathed the houses and lots known as Nos. 15 Willett street and 115 and 117 Broome street, in the city of New York, to his wife, in trust to use the surplus income for the education and maintenance of his daughter Teresa until she attained the age of 21 years, devising the remainder to his daughter on attaining the age of 21 years, and, in the event of her dying sooner, to his wife. The first codicil merely empowered his wife to sell these houses and lots devised in trust for his daughter and to hold the proceeds on the trust provided in the original will. It appears that the testator had one son, Lawrence, and a daughter, Jane, for whom he made no provision in the original will. By the fourth clause of the will he gave, devised, and bequeathed the rest,

residue, and remainder of his estate to his wife "absolutely and for-
ever, upon condition and provided she remain unmarried," and re-
quested his wife to give to such charities and charitable institutions
as she might select such portion thereof, not exceeding $10,000, as
she might see fit, and further requested her to make such provision
for their children before and after her death as she might in her
good judgment determine, and then provided:

"But in the event of my wife marrying then I give, devise and bequeath
to my children my said estate, real and personal, equally, share and share
alike, and the children of such of my children as may die leaving children
surviving, the latter taking the parent's share respectively."

By the first and second clauses, respectively, of the second codicil,
the testator bequeathed the sum of $75,000 to his son Lawrence and
a like sum to his daughter Jane, neither of whom was named in the
original will. The third clause of the second codicil is as follows:

"Third. I give, devise and bequeath to my wife, Eliza Mulry, all my real
and personal property situate in the counties of Galway and Roscommon,
Ireland, which I have acquired since the date of my last will dated April 13,
1889, together with all my other real and personal property wheresoever
situate and not before devised or bequeathed in my said wills or codicils, to
have and to hold the same to her, her heirs and assigns, forever."

The testator's heirs remained the same at the time of his death as
at the time he made the second codicil. There were four children
living, and many grandchildren whose parents were living, and one
grandchild, the defendant Mary A. Mulry, the daughter of the testa-
tor's son John J., who died in December, 1890.

The question presented by the appeal is whether the third clause
of the second codicil superseded in toto the fourth clause of the will,
so that the testator's widow took the remainder originally devised
by the fourth clause of the will free from the condition concerning a
remarriage. It is urged in favor of that view that at the time of
making the will the testator had left two of his children unprovided
for, and that in the event of the remarriage of his wife it may be
that he would have preferred that they inherit some of the property,
rather than that she should take it, but that at the time of making his
second codicil he had provided for all his children, and she had in the
meantime grown more than seven years older and become 56 years
of age, and that the testator realized that the probability of her re-
marriage had become much less. It is contended on the other hand
that the remainder had been devised by the will, and by the express
language of the codicil it appears that there was no intention to there-
in devise any property that had been devised by the will. But it is
suggested in opposition to this view that all of the property devised
by the third clause of the codicil was devised by the residuary clause
of the will, and would have gone to the widow thereunder on condi-
tion that she remain single, and that some force and effect must be
given to the third clause of the codicil, which can only be done by
attributing to the testator the intention to change the will and give
the remainder to his wife unconditionally.

The third clause of the codicil is fairly susceptible of the construc-
tion that where the testator says he devises all his other property,

real and personal, "not before devised or bequeathed in my said wills or codicils," to his wife absolutely, that he meant not specifically devised in the will. It would appear from the second codicil that since making the will the testator had acquired real and personal property in the counties of Galway and Roscommon, Ireland; and there can be no question but that these properties were thereby given absolutely to his wife. No construction can be placed on the third clause of the second codicil which will make all of its provisions intelligible and consistent with knowledge on the part of the testator as to the legal effect of the fourth clause of the will. If we should adopt the view that he meant to give his wife absolutely the property in the counties specified in Ireland acquired since making the will, and he intended that the residuary should remain as provided in the will, no force or effect is given to the words, "together with all my other real and personal property wheresoever situate and not before devised or bequeathed in my said wills or codicils"; for there could be no property not specifically devised, acquired at any time, that would not be embraced in the residuary clause of the will. Although it is difficult to ascertain the intent of the testator, it is more reasonable and probable, we think, to ascribe an intent to him to change the residuary clause of the will and remove the devise to his wife from any restriction concerning a remarriage.

It follows that clauses 3 and 4 of the judgment should be modified by providing that the fourth clause of the will was superseded by the third clause of the second codicil, and that all the residuary estate of the testator vested in and passed to the plaintiff individually free from any trust or condition, with costs to appellant payable out of the estate. All concur, except PATTERSON, J., who dissents.